## THE STATE v. CHARLES WYCKOFF.

1. An accessory in felony cannot be convicted on an indictment charging him as the principal felon.
2. One who in another state incites and procures another to enter this state and commit a felony, is not guilty of any offence punishable by the laws of this state.

On indictment.

This indictment was tried in the Oyer and Terminer for the county of Union, and the defendant found guilty. Sentence was suspended until the advisory opinion of this court should be taken upon two several points, which are fully stated in the opinion below.

For the defendant, *W. J. Magie.*

For the state, *E. Y. Rogers.*

The opinion of the court was given by

BEASLEY, C. J. The defendant was convicted before the Court of Oyer and Terminer, on an indictment containing two counts, the first of which charges him with the larceny of certain goods of a value exceeding twenty dollars, and the other with receiving goods, knowing them to be stolen.

It appeared that the defendant was in New York at the time of the theft, and while in that state he made an arrangement with one Kelly to come into this state and steal the articles in question and to bring and deliver them to him in

New York. This arrangement was carried into effect. The articles being stolen by Kelly and delivered to the defendant in New York. The defendant was not in this state at any time, from the inception to the conclusion of the transaction. The Court of Oyer and Terminer have asked the advisory opinion of this court upon two points.

*First.* Whether proof of the above stated facts will support the indictment.

*Second.* Has the defendant committed any offence indictable by the laws of this state?

In regard to the first point. The circumstances proved on the trial established the fact that Kelly was guilty of the crime of grand larceny in this state. Kelly therefore committed a felony, and consequently, as the defendant was not present, either actually or constructively at the commission of the offence, he could not be a principal therein, but was an accessory before the fact. Kelly did the act and the defendant's will contributed to it, but it was committed while he was too far from the act to constitute him a principal. The distinction in felonies between the principal and accessories before and after the fact, is certainly technical, and has been sometimes regarded as untenable, but it is too firmly established to be exploded by judicial authority. It has always been regarded, in its essential features, as a part of the criminal law of this state, and its existence is recognized both in our statutes and in a number of the reported decisions. *State* v. *Cooper*, 1 *Green* 373; *Johnson* v. *State*, 2 *Dutcher* 324; *Cook* v. *State*, 4 *Zab.* 845.

The first count, therefore, charging the defendant as a principal in the larceny, is not sustained by the evidence. The crime of the accessory being dissimilar from that of the principal in its fundamental characteristics, must be distinctly charged in the pleadings. It has never been supposed that a count containing a statement of facts evincive of the fault of the party accused as a principal in a felony, was sufficient to warrant the conviction of such party as an accessory. 1 *Chit. Crim. Law* 271, 2 *Id.* 4; *Wharton's*

*Prec. of Indict.* 97 ; *State* v. *Seran*, 4 *Dutcher* 519. In the case of *Rex* v. *Plant*, 7 *Car. & P.* 575, it was expressly held that one indicted as principal in a felony could not be convicted of being an accessory before the fact. See also *Whart. C. L.* 115.

Neither will the second count of the indictment sustain the conviction. The evidence shows that the stolen goods were received by the defendant, with guilty knowledge, in the state of New York. But this was no offence against the laws of this state. The defendant therefore cannot be legally sentenced upon the conviction founded on the present indict-ment.

The remaining question is, has the defendant committed any offence indictable by the laws of this state ?

His act was to incite and procure his agent or accomplice to enter this state and commit the felony. If the defendant had been in this state at the time of such procurement and indictment, he would have been guilty as an accessory before the fact; but what he did was done out of the state. Did he thereby become amenable to our criminal jurisdiction ?

As the defendant did not act within this state in his own person, the point to be decided is, did he do such act in this state by construction or in contemplation of law ?

It is undoubtedly true that personal presence within the jurisdiction in which the crime is committed, is not in all cases requisite to confer cognizance over the person of the offender, in the tribunals of the government whose laws are violated. In some cases the maxim applies *crimen trahit personam.* Thus, where a person being within one jurisdiction, maliciously fires a shot which kills a man in another jurisdiction, it is murder in the latter jurisdiction, the illegal act being there consummated. So in the case of *The United States* v. *Davies*, 4 *Sumner* 485, the defendant was accused of shooting from an American ship and killing a man on board a foreign schooner. Chief Justice Story said, " the act was, in contemplation of law, done where the shot took effect. He would be liable to be punished by the foreign govern-

ment." The same principle was recognized by this court in the case of *The State* v. *Carter*, 3 *Dutcher* 499. So when a crime is committed by an innocent living agent, the projector of such crime being absent from the country whose laws are infringed. Such was the case of *The People* v. *Adams*, 3 *Denio* 190. In this latter case the facts were these : the defendant was indicted in the city of New York for obtaining money from a firm of commission merchants in that city, by the exhibition of fictitious receipts. The defendant pleaded that he had never been in the state of New York—that the re-ceipts were drawn and signed in Ohio, and that the offence was committed by their being presented to the firm in New York by innocent agents employed by the defendant in Ohio. It was held that such plea was bad and disclosed no defence. A number of authorities maintaining the same view will be found collected in the opinion of the judge who delivered the decision of the court in the case last cited.

The rule, therefore, appears to be firmly established and upon very satisfactory grounds, that where the crime is committed by a person absent from the country in which the act is done, through the means of a merely material agency or by a sentient agent who is innocent, in such cases the offender is punishable where the act is done. The law implies a constructive presence from the necessity of the case; otherwise the anomaly would exist of a crime but no responsible criminal.

But the more difficult question remains to be considered, which is—in case of a felony committed' here by a responsible agent, who is therefore the principal felon and punishable by our laws—can the procurer, who is an accessory before the fact and whose acts of procurement have been done in a foreign jurisdiction, be indicted and punished for such procurement in this state ?

The general rule of the law has always been that a crime is to be tried in the place in which the criminal act has been committed. It is not sufficient that part of such act shall have been done in such place, but it is the completed act alone which gives jurisdiction. So far has this strictness

been pushed that it has been uniformly held, that if a felony was committed in one county, the accessory having incited the principal in another county, such accessory could not be indicted in either.  This technicality, which, when applied to the several counties of the same kingdom or state, appears to have little to recommend it, was nevertheless so firmly established that it required the statute of 2 and 3 *Ed. VI.*, c. 24, to abolish it, and this statute has been re-enacted in this state.  *Nix. Dig.* 199.*  And so in like manner the same rigor existed in cases in which death ensued out of the kingdom from a felonious stroke inflicted within it, it being decided that neither the principal nor accessory was, under such circumstances, indictable.  This imperfection in the criminal system was removed by the statute of 2 *Geo. II.*, c. 21, and which has been substantially copied in the third section of the act of this state before referred to in *Nix. Dig.* 200.*  For the rules of law which were thus modified by statute, see 3 *Inst.* 48 ; *Lacye's case*, 1 *Leo.* 270 ; 2 *Rep.* 93.

If, then, the accessory by the common law was answerable only in the county in which he enticed the principal, and that, too, when the criminal act was consummated in the same county, it would seem to follow necessarily in the absence of all statutory provision, that he is wholly dispunishable when the enticement to the commission of the offence has taken place, out of the state in which the felony has been perpetrated.  Under such a condition of affairs it is not easy to see how the accessory has brought himself within the reach of the laws of the offended state.  His offence consists in the enticement to commit the crime ; and that enticement, and all parts of it, took place in a foreign jurisdiction.  As the instrumentality employed was a conscious guilty agent, with free will to act or to refrain from acting, there is no room for the doctrine of a constructive presence in the procurer.  Applying to the facts of this case the general and recognized principles of law, it would seem to be clear that the offence of which the defendant has been guilty is not such as the laws of this state can take cognizance of.  We must

* *Rev., p.* 282, § 78.

be satisfied to redress the wrong which has been done to one of our citizens, and to vindicate the dignity of our laws by the punishment of the wrong-doer who came within our territorial limits. As for the defendant, who has never been, either in fact or by legal intendment, within our jurisdiction, he can be only punished by the authority of the state of New York, to whose sovereignty alone he was subject at the time he perpetrated the crime in question.

The principle involved in this case has not often been the subject of judicial consideration, nor has it received much attention from the text writers. But in the few cases to be found in the reports upon the point, a view similar to the above has been expressed. The case of *The State* v. *Moore,* 6 *Foster* 448, was, in all its features, identical with that now before this court, and the result was a discharge of the prisoner, on the ground that the crime of the accessory had not been committed within the jurisdiction of New Hampshire.

The case *Ex parte Smith,* 6 *Law Reporter* 57, was to the same effect. The same principle was again considered, though in a somewhat different aspect, in the case of *The State* v. *Knight,* 1 *Taylor's Rep.* (*N. C.*) 65, and the opinion intimated by the court entirely accorded with those expressed in the two cases first above cited. These are the only judicial examinations of the matter now in hand which I have met with in the course of my research.

Upon authority, then, as well as upon principle, I think the present indictment cannot be sustained, and that the defendant has not committed any offence which is indictable by force of the laws of this state.

Let the Court of Oyer and Terminer be advised accordingly.

CITED in *Kane* v. *Hibernia Insurance Co.,* 10 *Vroom* 701.